UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOR POPOV,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL DETENTION FACILITY; CURRENT OR ACTING FIELD OFFICE DIRECTOR, San Diego Field Office, United States Immigration and Customs Enforcement; CURRENT OR ACTING FIELD OFFICE DIRECTOR, United States Immigration and Customs Enforcement; CURRENT OR ACTING SECRETARY, Unites States Department of Homeland Security; and CURRENT OR ACTING UNITED STATES ATTORNEY GENERAL,<br><br>                                   Respondents. | Case No.: 26-cv-3880-JES-SBC<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL AS MOOT**<br><br>**[ECF Nos. 1, 2]** |

Before the Court is Petitioner Igor Popov's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on July 6, 2026. ECF No. 1.

Upon consideration of a habeas petition under § 2241, the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled

1

26-cv-3880-JES-SBC

thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." *Kourteva v. I.N.S.*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

Here, Petitioner reasserts the same claims he previously brought in an earlier petition. *See Popov v. Warden of Imperial Detention Facility et al.*, No. 3:26-cv-1174-JES-BLM at Dkt. 12 (S.D. Cal. Apr. 12, 2026). There, the Court ordered a bond hearing. *Id.* Petitioner was provided a bond hearing, and bond was denied. *Id.* at Dkt. 14. Petitioner moved for further consideration of the adequacy of his bond hearing. *Id.* at Dkt. 15.. The Court denied the motion. *Id.* at Dkt. 16.

Courts have ordered additional bond hearings in cases with changed circumstances, or where significant additional time has passed rendering detention again unjust without renewed justification. *See Mercado-Arechiga v. Larose,* No. 26-CV-683-JES-DEB, 2026 WL 926901, at *5-6 (S.D. Cal. Apr. 6, 2026) (explaining analysis of requests for additional bond hearings on due process grounds). Here, Petitioner has not stated any grounds for an additional bond hearing. Petitioner's last bond hearing was on April 13, 2026, three months prior to the writing of this order. Petitioner does not state changed circumstances justifying a new bond hearing in his case, but simply restates the same allegations brought in his previous petition. Based on the foregoing, the Court finds that Petitioner is not entitled to an order to show cause on this new Petition at this time. Accordingly, the Court **DENIES** the Petition without prejudice. The Court also **DENIES** Petitioner's motion to appoint counsel as moot.

**IT IS SO ORDERED.**

Dated: July 17, 2026

Honorable James E. Simmons Jr.
United States District Judge

26-cv-3880-JES-SBC